Lavelle v. Zoning Board of Adjustment

*John Martin Doyle*, for plaintiff.

*Abraham L. Freedman*, city solicitor, and *Matthew W. Bullock, Jr.*, assistant city solicitor, for defendants.

KUN, P. J., January 7, 1955.—This is an appeal from a decision of the zoning board of adjustment refusing to grant a permit for the operation of a beauty parlor at premises 2012 South Fifty-seventh Street, in a "D" residential district. While the application was in form a general one for the operation of a beauty parlor, the record indicates that the applicant sought a permit for a "home occupation". Section 14(*a*) of the Philadelphia Zoning Ordinance of August 10, 1933, as amended, provides:

"*Accessory Uses.* The accessory uses in residential districts shall include such uses as are customary and incident to any permitted use, not involving the conduct of a business, but may include the office or studio of a professional person and *home occupations engaged in by occupants of a dwelling* and may include a private garage or private stable." (Italics supplied.)

A home occupation is defined in section 2(12) of the Philadelphia Zoning Ordinance as follows: "*Home Occupation.* Any lawful occupation customarily conducted in a dwelling as an incidental use."

An applicant is entitled to a permit for a home occupation as a matter of right; he is not legally required under the circumstances to prove facts warranting a variance. The zoning board of adjustment in this case, however, failed to consider the application for a home occupation and considered the matter exclusively in terms of a variance. In this the board erred.

In considering an application for a home occupation, the zoning board of adjustment should consider (1) whether by custom and usage the proposed use is generally identified as a use incidental to a dwelling, and (2) whether the proposed use, in view of its scope, would in fact be incidental to the dwelling involved. Hairdressing and beauty culture are uses traditionally associated with the home. As stated in Kovach v. Board of Adjustment, 37 Del. Co. 6 (1948) :

"Furthermore, we are of the view that the profession of a beautician is essentially a home occupation similar to that of a dressmaker or milliner. It is customary for a person to do such work on her premises in a residential neighborhood. Any married man knows that all women are desirous of having ready access to such places just the same as we like to have a doctor, dentist, music teacher, milliner, dressmaker and occulist in the neighborhood."

While we do not quite agree that the work of a beautician is a profession in the true sense of that term, we agree that such work is frequently done, as indicated, in residential neighborhoods.

There is nothing in the record to indicate that the scope of the proposed use would be out of harmony with a residential neighborhood. The applicant is a widow who will conduct her beauty parlor alone. The only indication of the proposed use, from the street, will be a small sign required by the State Board of Cosmetology. No protestants appeared before the zoning board of adjustment; on the contrary a petition was submitted signed by several neighbors, specifically indicating their willingness that a permit be granted. The findings of the zoning board of adjustment that the proposed use would be detrimental to the peace and quiet of the neighborhood and that the health, morals, safety and general welfare of the immediate

364

neighborhood would be affected thereby, are arbitrary and capricious and totally unsupported by the evidence. For the reasons above stated, the court enters the following

*Order*

And now, to wit, January 7, 1955, the decision of the zoning board of adjustment in the above captioned proceedings is hereby reversed and the said board is ordered to direct the department of licenses and inspections to issue to plaintiff a permit for the operation of a "beauty parlor as a home occupation", at premises 2012 South Fifty-seventh Street, attaching thereto, if the board so desires, such reasonable conditions as the board may deem necessary or appropriate.